# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2011

No. 11-30008
Summary Calender

Lyle W. Cayce
Clerk

BEN WILLIAMS, SR.; DIANA J. WILLIAMS,

Plaintiffs - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE; TREASURY INSPECTOR
GENERAL FOR TAX ADMINISTRATION,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-522

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Two taxpayers appeal from a summary judgment entered in favor of the Commissioner of Internal Revenue. The district court held there was no subject matter jurisdiction for the taxpayers' claim for a refund, and the Freedom of Information Act had been followed on their information request. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30008

In 2007, the IRS levied on assets belonging to Ben Williams, Sr. and Diana J. Williams. The levy was based on allegations by the IRS that there were deficiencies from the plaintiffs' 1998 tax return.

The plaintiffs filed this suit in the United States District Court for the Middle District of Louisiana. They sought to recover the funds and to gain access to documents about an internal IRS investigation conducted as a result of the plaintiffs' allegations of misconduct. The court concluded that the plaintiffs had failed to file a proper administrative refund claim as required by 26 U.S.C. § 7422(a). Accordingly, the claims for a refund were dismissed.

In the same order, the district court provided the plaintiffs leave to amend their complaint and add the Treasury Inspector General for Tax Administration as the proper party to pursue their claims under FOIA. The plaintiffs appealed that ruling. We dismissed because there was no final order.

After being joined as a party, the inspector general filed a motion for summary judgment on the plaintiffs' FOIA claims. The district court granted the motion, holding that all requested documents had been provided except those validly withheld based on an exemption from disclosure.

The plaintiffs timely appealed from both orders. The government argues that the plaintiffs have failed to present any meaningful arguments on appeal and therefore have waived the issues presented. We agree the presentation by the plaintiffs is thin, but we will briefly address both of their contentions.

A taxpayer may not bring a suit against the IRS seeking recovery of an allegedly erroneously collected tax without first filing an administrative claim. 26 U.S.C. § 7422(a). No suit may be maintained until a taxpayer follows the administrative claims requirements under the statute. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7 (2008). The plaintiffs failed to establish in the district court that they had filed an administrative claim. The only evidence plaintiffs provided of any communication with the IRS pertained

No. 11-30008

to other tax years.  A plaintiff needs to have put "the Commissioner of Internal Revenue on notice that the taxpayer believes an erroneous tax has been assessed and desires a refund for certain years." *Gustin v. U.S. IRS*, 876 F.2d 485, 488 (5th Cir. 1989).  No evidence of a proper administrative claim was presented. Thus, the district court lacked jurisdiction over the plaintiffs' refund claims.

The plaintiffs also seek the production of documents under FOIA relating to an investigation based on a complaint they filed. The relevant inspector general responded that it had submitted all documents that were not "records or information compiled for law enforcement purposes . . . reasonably . . . expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  The district court analyzed the proof and balanced the claim of applicability of exemption 7(C) with the public interest.  *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 776 (1989).  The plaintiffs failed to raise any issue with the district court's conclusion that the documents were properly withheld.

AFFIRMED.